Archibald C. Wemplb, J.
The crux of this appeal seems to turn on the question of upon what grounds the court below dismissed the case. This appeal is brought under subdivision 3 *270 of section 518 of the Code of Criminal Procedure which sets forth that the People may appeal in the following cases: “ From an order of the court, made at any stage of the action, setting aside or dismissing the indictment on a ground other than the insufficiency of the evidence adduced at the trial.” After several witnesses had testified the District Attorney rested the People’s case. The officer who laid the original information dated April 12,1961 was not called as a witness, because of his unavailability on the day of the trial.
At this point the defendant’s attorney moved to dismiss the complaint under section 8 of the Code of Criminal Procedure on the ground that the officer who signed the original information had not been called as a witness, therefore depriving the defendant of his constitutional right of confrontation, and also on the ground of insufficiency of evidence.
The court asked the District Attorney if he wished to be heard on the first part of the motion concerning confrontation. After some discussion on the record, a recess was taken by the court. When court was resumed the District Attorney requested an adjournment to produce the missing officer. This was denied. Then the court made reference to section 8 of the Code of Criminal Procedure. Finally the court granted defendant’s motion to dismiss but did not specify in so many words the exact grounds upon which the motion was being granted.
The defendant in this appeal contends that the motion to dismiss was granted for insufficiency of evidence and lack of confrontation upon review. This court is not so persuaded. If the complaint were dismissed for insufficiency of evidence there would have been no reason for the court to discuss the question of confrontation.
It appears that the District Attorney was satisfied to rest his case upon the evidence already in and only requested an adjournment when it appeared that the question of confrontation of the defendant by the complaining witness was deemed important in the judicial findings of the Trial Judge.
Mow the question arises whether a defendant is entitled to confrontation by a police officer who signs an information based on third parties ’ depositions. This is a regular practice in Police Court and other courts, and it does not appear that any of the defendant’s constitutional rights have been violated by not calling the complaining officer as a witness. Both of the parties who had signed depositions on which the officer laid the information were called and testified at the trial. The right of confrontation is to protect a defendant from being accused or testified against *271 without the right of cross-examination. Here the officer was not presented and the right of cross-examination was not therefore denied. All other witnesses in the trial court confronted the defendant and were subject to cross-examination.
The appeal of the People is granted, the information is reinstated and a new trial ordered.